1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| RENE HERRERA, an individual | Case No. **2:14-cv-06234 MWF (MANx)** |
| Plaintiff, | Removed From State Court Case No: BC550087 |
| vs. | **PROTECTIVE ORDER ENTERED PURSUANT TO STIPULATION OF THE PARTIES** |
| INDUSTRIALFUMIGANT COMPANY, LLC an Illinois corporation; ROLLINS, INC., a Delaware corporation; and DOES 1 through 50, Inclusive, | |
| Defendants. | |

20          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based
21   on the parties' Stipulated Confidentiality Agreement And Protective Order
22   ("Stipulation") filed on March 3, 2015, the terms of the protective order to which
23   the parties have agreed are adopted as a protective order of this Court (which
24   generally shall govern the pretrial phase of this action) except to the extent, as set
25   forth below, that those terms have been substantively modified by the Court's
26   amendment of paragraphs A.2, C.2, D, E, and I of the Stipulation.
27          The parties are expressly cautioned that the designation of any information,
28   document, or thing as Confidential, Confidential Material, or other designation(s)

used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public

viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE MICHAEL W. FITZGERALD, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## <u>AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT</u>[1]

**A.     Designation of Confidential Materials and Persons to Whom Confidential Discovery Materials May Be Disclosed:**

1.     During the course of this Action, any party may seek to have materials produced in discovery, including but not limited to responses to

---

[1]     The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

interrogatories and documents produced pursuant to requests for production of documents ("Discovery Materials"), classified as "Confidential."   Any party ("Designating Party") may designate as "Confidential" any Discovery Materials if he/she/it in good faith believes that the Discovery Material contains confidential, proprietary, or private information under California or other applicable law. Discovery Materials so designated are referred to herein as "Confidential Material" or "Confidential Materials."

2.     Each page that contains protected material will be stamped or labeled "Confidential Material" or "Confidential" by the producing party.  Such stamp or label shall be made on or affixed so as not to obscure or deface the material or any portion of its contents.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Should copies or duplicates be subsequently made of such Confidential Material, the "Confidential Material" or "Confidential" stamp or label shall also be made on or affixed to such copies or duplicates.   All references to "Confidential Material" in this Protective Order shall be deemed to include and apply to such copies, duplicates and/or extracts of all information derived from Confidential Material and to Confidential Material marked as exhibits at depositions or otherwise used **or produced** during **discovery in this** Action.   Testimony generated from information designated as Confidential Material will be identified as such either by a statement on the record, before the close of the deposition or by tamping or labeling as "Confidential Material" or "Confidential" documents or selected pages of documents containing such **deposition** testimony.

3.     If any party, through inadvertence, does not designate certain Discovery Materials as Confidential Material, but thereafter determines that such Discovery Material should have been so designated, it shall provide written notice, within 30 days after determining that such Discovery Material should have

been so designated, of the designation thereof as Confidential Material. To the extent practicable, such Discovery Materials will be treated as Confidential Material from the date of receipt of such notice. If a party designates certain Discovery Materials as Confidential Material and later determines that such Discovery Material should not have been so designated, it shall promptly provide written notice of the removal of the designation to all other parties, along with a duplicate copy of the Discovery Materials without the "Confidential Material" or "Confidential" marking.

4.     All Confidential Material and any portion thereof, including copies thereof, information contained therein, and any abstracts, extracts, indices, summaries, charts, notes or other information derived therefrom, shall be deemed confidential, shall be used solely for the purposes of preparation, trial, appeals or settlement of this Action, and shall not be disclosed, given, shown, made available, discussed or otherwise communicated in any way to anyone other than: (a) the Court and Court personnel; (b) the Parties' counsel and staff; (c) stenographic reporters; and (d) any other "Qualified Persons," which shall include only the following: (i) any expert or consultant retained by the Parties' counsel in connection with this Action; (ii) outside vendors who perform microfiching, photocopying or similar clerical functions; and (iii) any other person(s) whom the Parties agree in writing. "Confidential Material" may not be disclosed to any other person or entity without the prior written consent of the Designating Party or further order of the Court. Any disclosure should be only to the extent reasonably necessary to the proper and lawful prosecution and defense of the Parties' claims in this Action, and for no other purpose.

**B.     Conditions of Disclosure:**

1.     Prior to the disclosure of Confidential Material or any information contained therein to a "Qualified Person" defined under Paragraph A(4)(d) above, counsel for the party making the disclosure shall secure from each such person an

Acknowledgment and Agreement to be Bound ("Acknowledgment"), in the form attached hereto as Exhibit "A," that he or she has read this Protective Order, he or she may not, and undertakes not to, divulge any Confidential Material or any information contained therein except in the preparation, trial or appeal of this Action and in accordance with the terms and conditions of this Protective Order, and that he or she will not use the Confidential Material for any other purpose. Excluded from the requirement of signing Exhibit "A" are:  (a) the Court and Court personnel; (b) counsel and staff for parties in this action who have signed the Protective Order; (c) and, all current officers, directors, employees, and agents of the Designating Party.

2.    Confidential Material shall be copied only by the Parties' counsel (and their staff) in this Action (or by clerical personnel or Outside Vendors assisting such counsel) and only for purposes permitted by this Protective Order, and control and distribution of Confidential Material and copies thereof shall be the responsibility of such counsel, who shall maintain a list of all persons to whom Confidential Material has been disclosed as well as the written assurances executed by such persons as provided in Paragraph B(1).  For good cause shown in connection with any question of improper disclosure, a Designating Party may request that that the Court order a party to disclose *in camera* a list of all persons to whom "Confidential Material" has been disclosed as well as the written assurances executed by such persons.  Excluded from this requirement are the Court and Court personnel, and counsel and staff for the Parties.

**C.    Protecting Confidential Materials at Depositions:**

1.    If either party determines that Confidential Material may be disclosed during the course of any deposition, such counsel shall be entitled to request that any persons present at the deposition, including the court reporter, sign an Acknowledgment in the form attached hereto as Exhibit "A" or be served with a copy of the Court's Order regarding Confidentiality of Designated

Materials.

2.      If any Confidential Material is marked as an exhibit in a deposition, and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, or hearing, counsel for the parties shall advise the reporter taking and transcribing the testimony at such deposition of the portions of such testimony that refer to Confidential Material, and the exhibit itself, as well as the portions of the **deposition** transcript containing such disclosure, shall be marked "Confidential Material" or "Confidential" and shall be deemed Confidential Material.  To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the Parties, and, if so requested by such counsel, the witness and/or the witness' counsel.

**D**.    **Use of Confidential Information in Court Filings:**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file any Confidential Material in the public record in this Action.  To the extent a party **wishes** to file material under seal **anything** that was previously designated by any party as Confidential Material, the filing party must comply with Civil Local Rule 79-5.  Any document designated as Confidential Material is deemed appropriate for filing under seal only if the party intending to file it as such submits an application complying with Civil Local Rule 79-5, **which** is subsequently granted by the Court.   The Parties agree to endeavor to minimize the number of documents filed with the Court that contain confidential information and to meet and confer in good faith regarding the manner in which they can **accomplish this goal** (such as by redaction).

**E.    Challenging a Confidential Designation:**

Pursuant to Paragraph A(1), a "Designating Party" may only designate materials which it in "good faith" believes are entitled to protection from disclosure under the law.  If at any time during this litigation a party ("Objecting

Party") disputes a designation of discovery material as "Confidential," the Objecting Party will notify the Designating Party in writing by facsimile or email that he/she/it disagrees with the designation.  The notice will identify the material in dispute and explain the basis for the objection.  The Designating Party will have 10 calendar days to provide a written response via facsimile or email to the objection, explaining his/her/its reason for designating the material at issue as Confidential Material.  Should the Designating Party provide a timely response and should the Objecting Party dispute the reasons provided, the Objecting Party may utilize the discovery dispute resolution procedures outlined in Civil Local Rule 37.

Throughout the dispute resolution procedure in this paragraph, the Designating Party will have the burden **and expense** of demonstrating that the material at issue is properly designated as confidential under **the applicable federal and/or** California law.  In the event of a dispute over the confidentiality of particular material, the Parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

**F.    Non-Party Subpoenas:**

If any party is served with a subpoena issued in other litigation that compels production or disclosure of any Confidential Material, that party (the "Subpoenaed Party") shall give written notice, as soon as practicable and in no event not more than five business days after receiving the subpoena to counsel for the Designating Party, which notice shall enclose a copy of the subpoena.  The Subpoenaed Party shall not produce or disclose any of the designated documents or information for a period of 10 business days, if possible without violating the subpoena, after providing such notice to the Designating Party, and in no event shall such production or disclosure be made before such notice is given.  If, within 10 business days of receiving such notice, the Designating Party objects to such production or disclosure through the process of a court filing, the

Subpoenaed Party shall not make such production or disclosure except pursuant to a court order requiring compliance.  Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful directive from another court.

### G.    No Restrictions:

Nothing in this Protective Order shall:  (1) restrict any of the Parties' rights with respect to his/her/its own documents or information; (2) restrict any of the Parties' rights with regard to Discovery Materials that have not been designated as Confidential Materials; (3) prejudice any of the Parties' rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; or (4) prejudice any of the Parties' rights to seek by moving the Court, greater or lesser protection than that provided herein, or modification of the terms of this Protective Order.

### H.    Duration of Order and Return of Confidential Materials:

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhausting of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days after the final disposition of this Action and notice from the Designating Party, all materials designated as Confidential Material shall be returned to the Designating Party or destroyed under supervision of counsel.  This provision shall not apply to court filings or file copies of pleadings, deposition transcripts and exhibits thereto, and briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

**I.     Binding Effect:**

This Protective Order shall remain in full force and effect at all times during which any party to this Protective Order or any person having executed the acknowledgment described in Paragraph B(1) above retains possession, custody or control of any Confidential Material **that he or she did not so designate**.

**J.     Additional Parties to Lawsuit:**

In the event that other parties are added to this Action, no Confidential Material previously exchanged, produced, or used herein shall be disclosed to such additional parties' counsel except upon their agreement to be bound by the provisions of this Protective Order.

**K.     Additional Rights:**

This Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Protective Order, and such right is expressly reserved to the parties.  Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Protective Order.

**IT IS SO ORDERED.**

Date:  April 7, 2015

*Margaret A. Nagle*

MARGARET A. NAGLE

United States Magistrate Judge

**EXHIBIT "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____ , do solemnly swear that I have read in its entirety and understand the terms of the Protective Order regarding production and disclosure of private and/or confidential information that was issued by the United States District Court for the Central District in the action entitled *Rene Herrera v. Industrial Fumigant Company, LLC, et al.* Case No. 2:14-cv-06234 MWF (MANx). I hereby agree to comply with and be bound by the terms and conditions of this Order.  I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order unless and until modified by further order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____          _____
                                                            Signature

                                                            _____
                                                            Print Name

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28